ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI-ESPECIAL

| MARÍA EUGENIA VILLOLDO VARONA RECURRIDA-DEMANDANTE V. EDWIN A. AVILÉS PÉREZ, WANDA I. CRUZ PACHECO Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS; ERNESTO SILVA CRUZ; CIDCOM CONTRACTORS CORP. RECURRENTES-DEMANDADOS | KLCE202400709 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao Caso Núm. HU2023CV01274 Sobre: Persecución Maliciosa, Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

Ortiz Flores, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de agosto de 2024.

Comparece ante nosotros (en conjunto, Recurrentes; Parte Demandada; Peticionarios): el Sr. Edwin A. Avilés Pérez, la Sra. Wanda I. Cruz Pacheco y La Sociedad Legal de Bienes Gananciales (SLG) compuesta por ambos; el Sr. Ernesto Silva Cruz; CIDCOM Contractors Corp. (CIDCOM), mediante un recurso de *certiorari* y nos solicitan que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia (TPI), Sala Superior de Humacao, el 31 de mayo de 2024.[1] En este dictamen, el TPI declaró NO HA LUGAR a la Moción de Desestimación presentada por la Parte Demandada.

Adelantamos que por los fundamentos que expondremos a continuación se expide el auto de *certiorari*, se revoca al TPI y se desestima la demanda.

**I**

El 30 de agosto de 2023, la Sra. María Eugenia Villoldo Varona (en adelante, la Sra. Villoldo; Demandante, Recurrida) presentó una *Demanda*

---

[1] Apéndice 1 del Recurso, págs. 18-22

en contra de los Demandados sobre *Persecución Maliciosa, Daños y Perjuicios*.[2] En síntesis, la Sra. Villoldo alegó que los demandados actuaron maliciosamente y ejercieron presión indebida a las autoridades para que se le incoara un procedimiento criminal en su contra. Al celebrarse una vista de Regla 6 en contra de la Recurrida, se determinó "no causa probable". El Estado acudió en alzada y el 29 de agosto de 2022, nuevamente el TPI determinó "no causa probable" y notificó su dictamen el 31 de agosto de 2022. Ante los sucesos mencionados, la Sra. Villoldo presentó su demanda de daños y perjuicios, antes citada, por las angustias mentales que sufrió.

Posteriormente, el 2 de mayo de 2024, los codemandados el Sr. Edwin A. Avilés Pérez, la Sra. Wanda I. Cruz Pacheco y la SLG presentaron *Moción Solicitando Desestimación por Prescripción*.[3] En la referida moción los codemandados relataron los hechos que los llevó a someter una querella en contra de la Sra. Villoldo. Además, levantaron la defensa de prescripción debido a que ellos alegan que el término comenzó a correr desde que el Tribunal determinó no causa probable en corte abierta en presencia del acusado. En esta misma fecha el codemandado CIDCOM presentó su *Solicitud de Desestimación por Prescripción Conforme La Regla 10.2 de Procedimiento Civil de Puerto Rico*.[4]Respecto a la solicitud, el codemandado relató los hechos que condujo a someter la querella en contra de la Recurrida y levantó la defensa de prescripción por haberse presentado por la Parte Demandada la acción fuera del término prescriptivo.

El 10 de mayo de 2024, el codemandado Sr. Ernesto A. Silva Cruz presentó la *Moción en Cumplimiento de Orden y en Adopción por Referencia de Escrito de Desestimación por Prescripción*.[5] En la referida moción, el codemandado adoptó los argumentos de los otros demandados en el epígrafe. El 22 de mayo de 2024, la Parte Demandante presentó

---

[2] Apéndice 2 del Recurso, págs. 23-28.
[3] Apéndice 12 del Recurso, págs. 43-47.
[4] Apéndice 14 del Recurso, págs. 49-55.
[5] Apéndice 16 del Recurso, págs. 57-58.

*Oposición a Mociones de Desestimación por Prescripción*.[6] En dicha oposición, la Sra. Villoldo alegó que la acción no estaba prescrita debido a que los términos prescriptivos comienzan a transcurrir cuando la determinación de "no causa probable" es final y firme. Por consiguiente, la Recurrente alegó que dicho término comenzó después que culminó el periodo de 30 días que tenía el Estado para recurrir por la vía de *certiorari*.

El 31 de mayo de 2024, el codemandado CIDCOM presentó *Breve Réplica a Oposición a Mociones Solicitando Desestimación por Prescripción*.[7] En la referida fecha, los codemandados Edwin A. Avilés Pérez, Wanda I. Cruz Pacheco, SLG y Ernesto Silva Cruz presentaron *Dúplica a Oposición a Mociones de Desestimación por Prescripción*.[8] El 31 de mayo de 2024, el TPI emitió una *Resolución* en la cual declaró NO HA LUGAR a la moción de desestimación de la Parte Demandada.[9]

Inconformes, los Peticionarios acuden ante este foro y exponen el siguiente señalamiento de error:

> ERRÓ EL TPI AL RESOLVER QUE LA DEMANDA NO ESTÁ PRESCRITA PORQUE EL TÉRMINO PRESCRIPTIVO COMENZÓ A CONTAR DESDE QUE SE ARCHIVÓ EN AUTOS LA NOTIFICACIÓN DE "NO CAUSA" Y NO DESDE QUE SE EMITIÓ EL FALLO EN CORTE ABIERTA ANTE LA ACUSADA. ES DECIR, EL TPI, NO APLICÓ A LA SITUACIÓN DE AUTOS LO RESUELTO POR EL HONORABLE TRIBUNAL SUPREMO EN EL CASO *TORO RIVERA V. ELA*, 194 DPR 393 (2015).

El 8 de julio de 2024, la Parte Demandante presentó su *Oposición a Expedición de Auto de Certiorari*. Con el beneficio de ambos escritos resolvemos.

**II**

**A. *Certiorari***

El *certiorari* es un recurso discrecional que permite revisar las determinaciones de un tribunal de inferior jerarquía. *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021). Según ha pautado el Tribunal Supremo de Puerto Rico(TSPR), la discreción es "[u]na forma de

---

[6] Apéndice 17 del Recurso, págs. 59-66.
[7] Apéndice 18 del Recurso, págs. 67-70.
[8] Apéndice 19 del Recurso, págs. 71-74.
[9] Apéndice 1 del Recurso, págs. 18-22.

razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019). En lo pertinente la Regla 52.1 de las Reglas de Procedimiento Civil de 2009 dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o **de la denegatoria de una moción de carácter dispositivo**. (Énfasis nuestro). 32 LPRA Ap. V, R. 52.1.

A su vez, nuestro reglamento dispone los criterios a evaluar para atender una solicitud de *certiorari*:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

### B. La Regla 10.2 de Procedimiento Civil de 2009

Nuestro ordenamiento jurídico permite que un demandado disponga de una reclamación en su contra a través de una moción dispositiva al amparo de la Regla 10.2 de las Reglas de Procedimiento Civil de 2009. *Casillas Carrasquillo v. ELA*, 209 DPR 240, 247 (2022), 32 LPRA Ap. V, R. 10.2. Al solicitar la desestimación, el demandado debe hacerlo mediante una moción "debidamente fundamentada" que alegue una(s) de las siguientes defensas según citado del texto de la ley: **(1)** Falta de jurisdicción sobre la materia; **(2)** Falta de jurisdicción sobre la persona; **(3)** Insuficiencia del emplazamiento; **(4)** Insuficiencia del diligenciamiento del emplazamiento; **(5)** Dejar de exponer una reclamación que justifique la

concesión de un remedio; **(6)** Dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2.

El foro que resuelva una moción de desestimación debe asumir como cierta las alegaciones bien hechas en la demanda e interpretarlo del modo más favorable para la parte promovida. *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 504-505 (1994). De entender que no existe un remedio al cual la parte promovida tenga derecho el Tribunal debe desestimar la causa de acción. *Id.*, pág. 505.

### C. Persecución Maliciosa

El Art. 1536 del Código Civil de Puerto Rico de 2020 dispone que "[l]a persona que por culpa o negligencia causa daño a otra, viene obligada a repararlo". 31 L.P.R.A. § 10801. Nuestro Máximo Foro ha definido la culpa o negligencia como "[l]a falta del debido cuidado, que a la vez consiste en no anticipar y prever las consecuencias racionales de un acto, o de la omisión de un acto, que una persona prudente habría de prever en las mismas circunstancias". *Toro Aponte v. E.L.A.*, 142 DPR 464, 473 (1997). La persecución maliciosa se considera como un acto torticero bajo el Art.1802[10] (ahora el Art. 1536, *supra*) del Código Civil de Puerto Rico derogado. *Garcia v. E.L.A*, 163 DPR 800, 810 (2005). Este acto torticero consiste en "[l]a presentación maliciosa y sin causa de acción probable, de un proceso criminal o civil contra una persona, que produce daños a ésta". *Id.* Los elementos requeridos para satisfacer una acción de persecución maliciosa son los siguientes: (1) que el demandado instituyó o instigó una acción penal activa y maliciosamente; (2) sin causa probable; (3) que el proceso criminal concluyó de manera favorable al demandante, y (4) que a consecuencia de ello, éste sufrió daños. *Toro Rivera v. ELA*, 194 DPR 393, 408-409 (2015). La malicia no se presume, en acciones de esta índole le corresponde a la parte demandante derrotar esta presunción y demostrar que el demandado "actuó maliciosamente y sin que existiese causa probable". *Raldiris v. Levitt & Sons of P.R., Inc.*, 103 DPR 778, 782 (1975).

---

[10] 31 LPRA § 5141(Artículo del Código Civil de Puerto Rico de 1930 derogado).

**III**

La Parte Demandada sostiene que el foro primario erró al resolver que la causa de acción no estaba prescrita. Le asiste la razón. El TSPR ha expresado que el término prescriptivo de una causa de acción comienza a transcurrir desde que la persona:

> (1) supo del daño, o razonablemente debió conocerlo; (2) quién fue su autor, y (3) desde cuándo éste conoce los elementos necesarios para ejercitar efectivamente la acción. *Toro Rivera v. ELA*, *supra*, pág. 416.

Además, ha indicado que "[l]as determinaciones en cuanto a la culpabilidad o la pena se dictan en corte abierta y en presencia misma del acusado y de su abogado, razón por la cual los términos para cuestionar dichas determinaciones comienzan a partir de ese momento y no desde el archivo en autos de la copia de la notificación". *Id*, pág. 420. Surge del expediente que la Sra. Villoldo estuvo presente cuando el Tribunal determinó no causa en la vista de Regla 6 en alzada, el 29 de agosto de 2022. Conforme a lo resuelto en *Toro Rivera v. ELA*, *supra*, la Parte Demandante conoció los elementos de su reclamo en ese instante, por consiguiente, desde ese momento empezó a transcurrir el periodo prescriptivo. El Foro Primario determinó que *Toro Rivera v. ELA*, *supra*, no aplica en la situación de hechos del caso ante nuestra consideración, debido a que estamos ante una corporación y no el Estado. No estamos de acuerdo con este razonamiento. El TSPR en *Toro Rivera v. ELA, supra*, expresó lo siguiente:

> El fallo absolutorio en sus méritos constituye una decisión final, firme e inapelable sobre la culpabilidad de un imputado. Esta determinación tiene el alcance de vedar cualquier intento de exponer al ciudadano absuelto a un proceso ulterior, gracias a la garantía constitucional contra la doble exposición. Este principio legal que impregna de finalidad al fallo absolutorio, además de **marcar el inicio del término prescriptivo para incoar una acción de daños**, justifica que la persona agraviada tenga el deber de notificarle al Estado su intención de demandarle en los noventa días de conocido este dictamen, sin la necesidad de esperar la notificación escrita del fallo. No tiene por qué ser diferente. (Citas omitidas). (Énfasis nuestro.) *Id*., pág. 424.

Además, el Foro Supremo indicó lo siguiente:

> Dada la naturaleza del proceso criminal, el dictamen en corte abierta y en presencia de éstos sirvió de notificación adecuada de la determinación judicial en cuanto a la no culpabilidad o inocencia de éstos. Es a partir de ese evento procesal, no desde que el foro juzgador produce la notificación escrita, que se establece el último elemento de la causa de acción y la parte afectada adquiere conocimiento efectivo del alegado daño. Por lo tanto, a partir de ese momento comienza a transcurrir, no tan solo el término prescriptivo, sino además el término de noventa días para cumplir con su deber de notificar al Estado su intención de demandarle. *Id.,* pág. 425.

Un análisis de las dos citas previas nos lleva a la conclusión de que el mencionado caso aplica a la situación de hechos. Dado a la naturaleza de las partes, no es de aplicación el requerimiento de noventa días para notificar al Estado, sin embargo; si lo es el punto de partida que comenzó a transcurrir el término prescriptivo. Por lo cual, el periodo prescriptivo comenzó a correr en contra de la Parte Demandante desde el 29 de agosto de 2022. Mencionado esto, tenía un año a partir de esa fecha para instar su reclamación extracontractual. Artículo 1204 del Código Civil de 2020 (Código Civil), 31 LPRA § 9496. El Artículo 28 del Código Civil, define que el término de un plazo de un año "es de trescientos sesenta y cinco (365) días, siempre que no sea bisiesto, cuyo caso es de trescientos sesenta y seis (366)". 31 LPRA § 5361.

La Recurrida **presentó su demanda de daños o por persecución maliciosa el 30 de agosto de 2023**. Para esa fecha **habían transcurrido un total de 366 días**, pues computados desde el lunes 29 de agosto de 2022, la fecha en la cual comenzó a transcurrir su término de un (1) año para instar la acción civil en contra de los demandados, su término venció el martes 29 de agosto de 2023. Del expediente no surge que el término prescriptivo haya sido interrumpido, por lo cual, la causa de acción de la Sra. Villoldo estaba prescrita cuando la presentó ante el TPI.

**IV**

Por los fundamentos antes expuestos, **se expide el auto de *certiorari*, se revoca el dictamen del Tribunal de Primera Instancia y se desestima la demanda.**

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.